# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

FILED
01 NOV 30 AM 11:03
U.S. DISTRICT
N.D. OF ALABAMA

| | |
|---|---|
| SAMMY RUSSO, | ] |
| | ] |
| Plaintiff(s), | ] |
| | ] |
| vs. | ] CV-01-N-2537-S |
| | ] |
| IKON OFFICE SOLUTIONS, INC., et al., | ] |
| | ] |
| Defendant(s). | ] |

ENTERED
NOV 30 2001

## Memorandum of Opinion

### I.  Introduction

The court has for consideration the motion of defendants Derrick Holmes and Craig Cole to dismiss the complaint, as well as the plaintiff's motion to remand this action to the Circuit Court of Jefferson County, Alabama. (Doc. # 4, 13). The issues have been briefed and argued by the parties, and are now ripe for decision. Upon due consideration, the motion to dismiss will be denied and the motion to remand will be granted.

### II.  Background

Plaintiff, a resident and citizen of Jefferson County, Alabama, filed the above-styled action in circuit court on August 14, 2001, against defendants IKON Office Solutions, Inc., IKON Management Services, Derrick Holmes, and Craig Cole. Plaintiff avers that he was an employee of the defendant "corporate entities" working for compensation that included a commission based upon marketing and sales figures. According to the plaintiff, both the corporate entity defendants and the individual defendants "conspired to defeat said compensation based on the commission . . . . The Defendant, Craig Cole, and Defendant



Derrick Holmes, both increased their pay for their service by defeating Plaintiffs [sic] entitlement to his commission. They conspired with their employer and defeated Plaintiff's entailment." (Pl. Compl., ¶¶ 6-9). Furthermore, the plaintiff contends that the "Defendants have converted said sums, defeated payments of said sums to Plaintiff, retained and held said sums, and have conspired to defeat payment of said sums." (*Id.*, ¶ 11). The actual claims alleged in the complaint are several, but include claims of breach of contract, fraud, trover, and conversation. As relief, plaintiff seeks compensatory and punitive damages totaling one million dollars ($1,000,000).[1]

On October 9, 2001, the defendants removed the above-styled action to this court. (Doc. # 1). They invoked the diversity jurisdiction of federal courts, pursuant to 28 U.S.C. §§ 1332 and 1441, and averred IKON Office Solutions as a corporation incorporated under the laws of Ohio, with a principal place of business in Pennsylvania, and IKON Management Services as a division of IKON Office Solutions, and not a separate legal entity. (*Id.*). The defendants also averred in their notice of removal Mr. Holmes as a citizen of Mississippi and Mr. Cole as a citizen of Alabama. Finally, the defendants averred the amount in controversy satisfied in this case. (*Id.*).

Recognizing the hiccup in this recitation, the defendant argues that Mr. Cole's residency does not destroy jurisdiction. According to the defendants, Mr. Cole has not been properly served in accordance with the Federal and Alabama Rules of Civil Procedure, and may thus be ignored for purposes of determining whether complete diversity of citizenship exists between the parties. (*Id.*). Furthermore, the defendants

---

[1] The complaint in its entirety pleads seven separate counts.

2

contend that Mr. Cole has been fraudulently joined solely to defeat diversity jurisdiction. They argue that Mr. Cole lacks any relationship with the plaintiff that might serve to found against him in his individual capacity. Moreover, the defendants contend that the plaintiff as a matter of Alabama law has failed to allege sufficient facts to justify the maintenance of claims of conspiracy or interference with contractual relations. (*Id.*).

On October 16, 2001, Mr. Cole and Mr. Holmes filed their motion to dismiss. (Doc. # 4-5). Revisiting many of the arguments set forth in the notice of removal, Mr. Cole and Mr. Holmes argue that dismissal is warranted because neither has been properly served in accordance with the Federal and Alabama Rules of Civil Procedure. Furthermore, the defendants again argue that plaintiff fails as a matter of Alabama law to allege sufficient facts to justify the maintenance of claims against both Mr. Cole and Mr. Holmes in their individual capacities. (*Id.*). Specifically, the defendants move to dismiss the complaint pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6), of the Federal Rules of Civil Procedure.

### III.     **Standard**

A motion to dismiss tests the legal sufficiency of a complaint. *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997). The court may dismiss a complaint only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Fuller v. Johannessen (In re Johannessen)*, 76 F.3d 347, 349 (11th Cir. 1996). For the purpose of ruling on a 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations of the complaint. Moreover, it views them in a light most favorable to the non-moving party. *See Hishon v. King &*

3

*Spalding*, 467 U.S. 69, 73 (1984); *Burch v. Apalachee Community Mental Health Servs.*, 840 F.2d 797, 798 (11th Cir. 1988) (en banc).

## IV. Discussion

### 1. Insufficiency of Service

The defendants argue that neither Mr. Cole nor Mr. Holmes has been personally served with any form of process. According to the defendants, efforts at service in this case appear as follows. On September 7, 2001, IKON Office Solutions and IKON Management Services were served copies of the complaint and summonses at the corporate headquarters in Pennsylvania. Also on September 7, IKON Office Solutions and IKON Management Services were served copies of the complaint and summonses that were directed in their care to Mr. Cole and Mr. Holmes. According to the defendants, both Mr. Cole and Mr. Holmes have received copies of the complaint from IKON's Pennsylvania headquarters. Personal service, however, has yet to be effected. And until such time, jurisdiction is lacking and the complaint against them is due to be dismissed. (Doc. # 5).

Plaintiff contends that service of the defendants via certified mail is contemplated by the Alabama Rules of Civil Procedure. *See* Ala. R. Civ. P. 4.1(c). He argues that service was rendered in accordance with the procedures set forth by this rule, and to the best of his knowledge, service was accepted at the IKON headquarters. In the alternative, plaintiff contends that Rule 4(m) of the Federal Rules of Civil Procedure allows a plaintiff up to 120 days from the filing of the complaint to serve a summons and complaint upon a defendant. As this period has yet to expire, plaintiff argues that dismissal on the basis of ineffective service would be premature.

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service may be effected upon an individual "pursuant to the law of the state in which the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Under Alabama law, an individual may be served

> by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.

Ala. R. Civ. P. 4(c). Individuals may also be served via certified mail in certain specified circumstances. A party may effect service upon a resident individual by filing a written request for service by certified mail with the clerk of court. *See* Ala. R. Civ. P. 4.1(c)(1). Such service is deemed complete upon the date the summons and complaint are delivered to the named addressee or his agent, as evidenced by the signature on the return receipt. *See* Ala. R. Civ. P. 4.1(c)(2), (3). A party may effect service upon a nonresident individual, or a resident individual who is absent from the state, by certified mail provided sufficient contacts exist to satisfy due process. *See* Ala. R. Civ. P. 4.2(a)(1)(A), (B); 4.2(b)(1). Service in this manner is deemed complete upon the date of delivery of process as evidenced by the return receipt. *See* Ala. R. Civ. P. 4.2(b)(1)(B).

In effectuating service in the manners outlined above, parties must strictly adhere to the procedures described. *See Ex parte Pate*, 673 So. 2d 427, 428-29 (Ala. 1995); *Ex parte Shuttleworth*, 410 So. 2d 896, 900-01 (Ala. 1981). However, when the return receipt is filed, and the court clerk has indicated on the docket sheet that process was properly mailed, courts are to presume that service was proper. *See Insurance Mgmt. & Admin., Inc., v. Palomar Ins. Corp.*, 590 So. 2d 209, 213 (Ala. 1991); *see also Moore v. Moore*, 424

So. 2d 1312, 1314 (Ala. Civ. App. 1982). This presumption of correctness can be rebutted only by a showing of clear and convincing evidence of lack of service. This presumption is limited, however, and does not extend to the issue of whether service complies with the provisions of Rule 4(c). *See Northbrook Indem. Co. v. Westgate, Ltd.*, 769 So. 2d 890, 893 n.4 (Ala. 2000).

Contrary to the position of defendants, the plaintiffs have clearly attempted to effect service of process upon Mr. Cole and Mr. Holmes, pursuant to rules 4.1 and 4.2 of the Alabama Rules of Civil Procedure.[2] The plaintiff has failed to demonstrate, however, whether service upon these two individuals occurred in compliance with Rule 4(c). Barring the presence of multiple persons at IKON's Pennsylvania headquarters with remarkably similar scrawls, the evidence in the record indicates a lone, unidentified person received service of process for IKON, Mr. Cole, and Mr. Holmes. The record in no way indicates, however, whether this signatory was duly authorized by Mr. Cole or Mr. Holmes to receive service of process on their behalf.

The defendants have not challenged service on this point, arguing only that Mr. Cole and Mr. Holmes have not been personally served. As the discussion *supra* should make clear, service by certified mail is a legitimate method of effecting process when the applicable rules are followed. Furthermore, the time provided for service under Rule 4(m) of the Federal Rules of Civil Procedure has yet to expire. Accordingly, the court believes

---

[2] On November 28, 2001, plaintiff filed in this court copies of alias summonses issued for Mr. Cole and Mr. Holmes. The summonses are directed to these individuals, in care of the IKON Office Solutions branch in Birmingham, Alabama.

6

that dismissal on service grounds would be inappropriate as to both Mr. Cole and Mr. Holmes.[3]

### 2.     Fraudulent Joinder

The defendants also claim that plaintiff has no possibility of stating a claim against either Mr. Cole or Mr. Holmes. Although not denominated as such in their motion to dismiss, the argument clearly invokes the doctrine of fraudulent joinder insofar as it concerns Mr. Cole. (*See* Doc. # 1, pp. 3-4).

> Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. [A] third situation of fraudulent joinder . . . [has been identified] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. . . . If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.

*Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) (quotations and citations omitted). Defendants base their argument on the first type of fraudulent joinder. They contend that the plaintiff has failed to allege facts which would permit the maintenance of

---

[3] Several other factors compel the decision here. First, even if defendants had proven that the unidentified signatory was not duly authorized by Mr. Cole and Mr. Holmes to receive service of process, the court is inclined to permit the plaintiff an opportunity to perfect service within the 120 day period provided for by Rule 4(m). Second, the court is inclined to agree with Judge Haltom's decision in *Everett v. MTD Products, Inc.* Relying on the Supreme Court precedent of *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939), the court stated "that a federal district court in determining the propriety of a removal based on diversity of citizenship must consider all defendants, regardless of service." *Everett*, 947 F. Supp. 441, 443-44 (N.D. Ala. 1996). Although the court recognizes the arguments proffered in opposition, the limited and restrained nature of this court's jurisdiction cautions against its exercise in situations of doubt.

a cause of action against either Mr. Cole or Mr. Holmes. Specifically, the defendants aver that plaintiff must allege facts that the defendants were acting beyond the scope of their employment and with actual malice. In the absence of these facts – as is the case presently – no action will lie against an employee of a corporation in his individual capacity for interference with contractual relations. (*See* Doc. # 5, p. 3).

Defendants' argument hides the ball. The elements of a claim of interference with contractual relations have little bearing here, as the instant case states claims of account, fraud, trover and conversion, and assumpsit. Whether the plaintiff can maintain a claim against Mr. Cole and Mr. Holmes under all these theories is irrelevant for the purposes of the inquiry, for the court believes the case law of Alabama clearly demonstrates, for purposes of the burden applicable here, his ability to maintain a cause of action for conversion. "To establish conversion, a plaintiff must show a wrongful taking, an illegal assumption of ownership, an illegal use or misuse of another's property, or a wrongful detention or interference with another's property." *Birmingham-Jefferson County Transit Auth. v. Arvan*, 669 So. 2d 825, 828 (Ala. 1995); *see also Huntsville Golf Dev. v. Ratcliff, Inc.*, 646 So. 2d 1334, 1336 (Ala. 1994); *Crowe v. City of Athens*, 733 So. 2d 447, 450-52 (Ala. Civ. App. 1999). The court finds no Alabama case suggesting or holding that the plaintiff must make allegations that the defendant acted with actual malice and beyond the scope of employment to sustain an action of conversion. Indeed, allegations of malice seem relevant to conversion actions only insofar as punitive damages are concerned. *See, e.g., Empire Gas, Inc. v. Cartwright*, 595 So. 2d 1348, 1351 (Ala. 1992).

8

## V. Conclusion

The defendants having failed to establish that Mr. Cole was fraudulently joined, the court finds this action is due to be remanded to the Circuit Court of Jefferson County, Alabama. The court recognizes that some question marks remain as to the propriety of service effected upon Mr. Cole and Mr. Holmes. The discussion *supra* should make clear, however, that the court does not believe the requirements for diversity jurisdiction are satisfied in the instant case. Moreover, the continued retention of this lawsuit until plaintiff demonstrates proper service would simply delay the inevitable, and deny the parties the opportunity to proceed with their lawsuit. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this _____ of November, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

9